UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

              Plaintiff,

-against-

U.S. ATTORNEY GENERAL; F.B.I.; NYC MTA; DONALD TRUMP; WHITE HOUSE; US GOVERNMENT; COURT OF APPEALS; PANERA BREAD; N.Y.P.D,

              Defendants.

20-CV-5762 (CM)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

      By order dated November 7, 2019, the Court barred Plaintiff from filing any new civil action in this Court *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). Notwithstanding the bar order, Plaintiff continued to file scores of new frivolous actions, and the Court therefore imposed additional filing restrictions. *See Frost v. NYPD*, ECF 1:20-CV-0417, 5 (S.D.N.Y. Feb. 14, 2020) (requiring Plaintiff to submit with any new complaint a motion for leave to file; a copy of the February 14, 2020 order; the relevant fees or IFP application; and a statement, made under penalty of perjury, stating that the claims are not frivolous or in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules).

      On July 21, 2020, Plaintiff filed this new complaint.[1] Plaintiff has submitted most of the documents required to comply with the Court's February 14, 2020 pre-filing injunction, though she did not attach a copy of the bar order. The Court has reviewed Plaintiff's submissions and

---

[1] Plaintiff submitted six new complaints on July 21, 2020, and has filed more than a dozen complaints in July 2020.

concludes that this action is not a departure from Plaintiff's pattern of vexatious and nonmeritorious filings. Plaintiff alleges that Donald Trump and the White House are responsible for "orchestrating others" to keep Plaintiff "away from [her] house and son." (Compl. at 8). She fails to plead any facts suggesting that she has a plausible claim for relief. Because Plaintiff fails to show good cause why she should be permitted to file this new action, the Court denies her leave to file this action. The Court directs the Clerk of Court to close this action.

Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new civil actions in this Court, and monetary penalties.

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket. Plaintiff has consented to electronic service of Court documents. (ECF No. 4.)

The Court denies Plaintiff's application to proceed IFP and her motion for leave to file this new civil action. (ECF Nos. 1, 3.) The orders barring Plaintiff from filing any new civil actions in this Court IFP without first seeking permission of the Court remain in effect. Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new civil actions in this Court and monetary penalties.

The Clerk of Court is directed to close this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 24, 2020
        New York, New York

                                              COLLEEN McMAHON
                                     Chief United States District Judge